| | |
|---|---|
| 1 | William J. Wall (State Bar No. 203970) |
| | wwall@wall-law.com |
| 2 | THE WALL LAW OFFICE |
| | 9900 Research Drive |
| 3 | Irvine, CA  92618 |
| | Telephone:  (949) 387-4300 |
| 4 | Facsimile:   (800) 722-8196 |
| 5 | |
| | Attorney for Plaintiff |
| 6 | KATHRYN L. MARTIN |

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **KATHRYN L. MARTIN** | ) | |
| | ) | Case No.: 10-CV-1705-JST (MLGx) |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF KATHRYN L.** |
| **EXPERIAN INFORMATION** | ) | **MARTIN'S MEMORANDUM OF** |
| **SOLUTIONS, INC.** | ) | **LAW IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| | ) | **TRANSFER VENUE** |
| **Defendant.** | ) | |
| | ) | |

# TABLE OF CONTENTS

Table of Authorities.................................................................................................... ii

I.  INTRODUCTION ............................................................................................ 1

II. FACTUAL BACKGROUND ........................................................................... 3

III. ARGUMENT .................................................................................................... 8

    (1) the location where relevant agreements were negotiated and executed. ... 9

    (2) the state that is most familiar with the governing law ............................... 9

    (3) the plaintiff's choice of forum................................................................. 10

    (4) the respective parties' contacts with the forum....................................... 11

    (5) the contacts relating to the plaintiff's cause of action in the chosen
        forum ........................................................................................................ 11

    (6) the differences in the costs of litigation in the two forums....................... 12

    (7) the availability of compulsory process to compel attendance unwilling
        non-party witnesses .................................................................................. 12

    (8) the ease of access to sources of proof ....................................................... 13

    (9) the presence of a forum selection clause................................................... 13

    (10) the relevant public policy of the forum state, if any.............................. 14

IV. CONCLUSION............................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Akselrod v. CheckSystems, Inc.*,
  2005 WL 1492390 (C.D. Cal. Jun. 6, 2005) ......................................................... 10

*Barela v. Experian Info. Solutions, Inc.*,
  2005 WL 770629 (N.D. Ill. Apr. 4, 2005) ............................................................ 2

*Bateman v. Amer. Multi-Cinema, Inc.*,
  623 F.3d 708 (9th Cir. 2010) ............................................................................... 9

*Bentley v. Providian Fin. Corp.*,
  2003 WL 22234700 (S.D.N.Y. Apr. 21, 2003) ..................................................... 3

*Bogollagama v. Equifax Info. Servs., LLC*,
  2009 WL 4257910 (E.D. Pa. Nov. 30, 2009) ....................................................... 2

*Carvalho v. Equifax Info. Servs., LLC*,
  629 F.3d 876 (9th Cir. 2010) ............................................................................... 9

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986) ............................................................................... 9

*Dennis v. BEH-1*,
  520 F.3d 1066 (9th Cir. 2008) ............................................................................. 9

*Fed. Trade Comm'n v. TRW, Inc.*,
  784 F. Supp. 381 (N.D. Tex. 1991) ...................................................................... 3

*Fernandez v. Equifax Info. Servs., LLC*,
  2004 WL 315170 (E.D. Pa. Jan. 22, 2004) ........................................................... 2

*Florens Container v. Cho Yang Shipping*,
  245 F. Supp. 2d 1086 (N.D. Cal. 2002) ............................................................... 9

*Gorman v. Wolpoff & Abramson, LLP*,
  584 F.3d 1147 (9th Cir. 2009) ............................................................................. 9

*Guimond v. Trans Union*,
  45 F.3d 1329 (9th Cir. 1995) ............................................................................... 9

*Harms v. Experian Info. Solutions, Inc.*,
  2007 WL 1430085 (N.D. Cal. May 14, 2007) .......................................... 2, 8-9, 12

*Hurst v. Advanco Industries, Inc.*,
  1973 WL 448 (N.D. Cal. Sept. 11, 1973) ................................................................ 14

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ................................................................... 8, 8-9

*Nelson v. Chase Manhattan Mortgage Corp.*,
  282 F.3d 1057 (9th Cir. 2002) ................................................................. 9

*Pintos v. Pacific Creditors Assoc.*,
  605 F.3d 665 (9th Cir. 2010) .................................................................. 9

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) ................................................................................ 9

*Rivera v. Equifax Info. Servs., LLC*,
  2004 WL 1472795 (E.D. Pa. Apr. 1, 2004) ............................................................ 2

*Saleh v. Titan Corp.*,
  361 F. Supp. 2d 1152 (S.D. Cal. 2005) ................................................................ 14

*Smith v. HireRight Solutions, Inc.*,
  2010 WL 2270541 (E.D. Pa. Jun. 7, 2010) .............................................. 2, 10-11

*U.S. v. Syufy Enterprises*,
  1986 WL 13358 (N.D. Cal. 1986) ........................................................................ 8

*Valentine v. First Advantage Safe Rent Inc.*,
  2009 WL 4349694 (C.D. Cal. Nov. 23, 2009) ....................................................... 9

*Yourke v. Experian Info. Solutions, Inc.*,
  2007 WL 1795705 (N.D. Cal. Jun. 20, 2007) ................................................. 9-10

1  Plaintiff Kathryn L. Martin respectfully submits this Memorandum of Law in
2  opposition to Defendant Experian Information Solutions, Inc.'s ("Experian")
3  motion to transfer venue away from the Central District of California -- the District
4  in which Experian is headquartered and which houses its principals and witnesses.
5  Experian's motion is simply an attempt at forum-shopping, for a forum that the
6  defense perceives as more friendly to its interests.  Defendant's motion should thus
7  be denied.

8  **I.     INTRODUCTION**

9  This is a consumer protection action brought under the federal Fair Credit
10 Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and related state laws.
11 Defendant Experian is a consumer reporting agency under the FCRA, commonly
12 referred to as a "credit reporting agency."  Experian is headquartered in Costa
13 Mesa, California, within a twenty minute drive of this Court.  As will be discussed
14 below, the corporate representatives and decision-makers for Experian in FCRA
15 cases are located in Costa Mesa, California.  For their convenience, these corporate
16 representatives (*i.e.*, the *party*) routinely request courts in other jurisdictions to
17 excuse them from court proceedings, or to allow their participation by telephone,
18 precisely because they are located in Costa Mesa, California.  This is so even for
19 cases pending in the Northern District of Ohio, where Experian would like to
20 transfer the present action.

21 Similarly, Experian's regular Rule 30(b)(6) *witnesses* in FCRA mixed file
22 cases, such as this one, are located in Costa Mesa and/or Irvine, California.
23 Experian's counsel always insists that, for the convenience of these witnesses,
24 depositions take place at Jones Day's Irvine, California office, regardless of where
25 in the country an FCRA action may be pending.

26 Plaintiff Martin, an Ohio resident, has chosen to bring this FCRA action in a
27 mixed file matter in Experian's backyard.  There is no doubt that this Court has
28 both jurisdiction over this matter, pursuant to 15 U.S.C. § 1681p, and that the venue

is proper under 28 U.S.C. § 1391(b). Experian, however, now moves to transfer venue, pursuant to 28 U.S.C. § 1404(a), allegedly for the "convenience of the parties and witnesses."

Experian's position is insincere. Defendant is actually seeking to make litigation more difficult, not more convenient, in this matter. Further, Defendant seeks a perceived strategic advantage by avoiding the jurisdiction of this Court and Ninth Circuit FCRA precedent, despite the fact that it runs its business right here in the Central District of California. Not surprisingly, Experian does not cite a single decision that provides that a credit reporting agency may not be sued at the location of its national headquarters. The decisions that Plaintiff found on this subject hold the opposite.[1] Experian also does not disclose to this Court that in other FCRA litigation it has moved, allegedly for the convenience of the parties and witnesses, to have a case transferred, *not away from, but to* the Central District of California because its principal place of business and records are in Orange County, California. *Harms*, Civ. No. 07-0697JF, 2007 WL 1430085, at *2 (N.D. Cal. May 14, 2007) (transferring Experian FCRA case to Central District of California).

---

[1] *See Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541, at *4 (E.D. Pa. June 7, 2010) ("Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business."); *see also Barela v. Experian Info. Solutions, Inc.*, 2005 WL 770629, at *4 (N.D. Ill. Apr. 4, 2005) (noting that an assessment of the relevant events and alleged harms in an FCRA case points to the defendant's place of business as the appropriate venue); *Harms v. Experian Info. Solutions, Inc.*, Civ. No. 07-0697JF, 2007 WL 1430085, at *2 (N.D. Cal. May 14, 2007) (In granting Experian's own motion to transfer venue *to the Central District of California* finding that "Venue is proper in the Central District, as Experian's principal place of business is in Orange County. . . The location of many of Experian's records in Orange County also favors transfer to the Central District since it appears that access to proof will be easier in that district."); *see also Bogollagama v. Equifax Info. Servs., LLC*, 2009 WL 4257910, at *3 (E.D. Pa. Nov. 30, 2009) (finding that operative facts in FCRA case arose in Atlanta, Georgia, forum where Equifax credit reporting agency was headquartered and where the credit reports were compiled and issued); *Fernandez v. Equifax Info. Servs., LLC*, Civ. No. 03-4377, 2004 WL 315170, at *2 (E.D. Pa. Jan. 22, 2004) (Trans Union and Equifax credit reporting agencies may be sued by out-of-state plaintiff in FCRA cases in District where Trans Union's principal place of business is located); *Rivera v. Equifax Info. Servs., LLC*, 2004 WL 1472795, at *1 (E.D. Pa. Apr. 1, 2004) (refusing to transfer venue in FCRA case to plaintiff's home state).

Here, despite all of its ad hominem, alarmist and largely irrelevant arguments, Defendant has simply not met its burden of establishing that a transfer of this case from a proper venue is appropriate, as opposed to simply desired for the perceived strategic advantage of the defense. Defendant's motion should, therefore, be denied.

## II.   FACTUAL BACKGROUND

Ms. Martin brought suit against Experian under FCRA section 1681e(b) claiming that Experian did not follow procedures that assured the maximum possible accuracy of the credit reports that it sold about her. (Compl. ¶¶ 18-23). Over a period of several years, dating back to at least 2005, Experian created and sold numerous false credit reports about Ms. Martin that contained inaccurate credit and personal information, believed to relate to a totally unrelated consumer, a Kathryn Fisher. (*See Id.* at ¶¶ 8-9); (*see also* Def. Mem. at Dk. No. 8-2 pg. 3) (Iwanski Declaration noting dispute as early as 2005). In credit reporting terms, the improper combining of two or more consumer's credit files is known as a "mixed file," and Plaintiff alleges that the inaccurate reporting here was a result of a mixed file. (Compl. ¶¶ 8-9).

Experian is still bound by a 1990s Consent Order between its corporate predecessor, TRW, and the Federal Trade Commission which first defined "mixed files" and which requires Experian to use "full indentifying information" in preparing credit reports in order to "prevent" mixed files. *See Fed. Trade Comm'n v. TRW, Inc.*, 784 F. Supp. 381, 362 (N.D. Tex. 1991) (at §§ I(3)(e), I(3)(f), and II(1)); *see also Bentley v. Providian Fin. Corp.*, Civ. No. 02-5714, 2003 WL 22234700, at *5 (S.D.N.Y. Apr. 21, 2003) (Consent Order binding on Experian). The Consent Order defined "mixed file" as "a Consumer Report in which some or all of the information pertains to Persons other than the Person who is the subject of that Consumer Report." *Fed. Trade Comm'n*, 784 F. Supp. at 362 (definitions).

Despite these promises to the government to prevent mixed files, Experian

continues to allow mixed files at disturbingly high rates because it chooses not to use "full indentifying information" in preparing credit reports. A search of PACER reveals that Jones Day alone has defended hundreds of Experian mixed file FCRA lawsuits in recent years. In this case too it is believed that Experian mixed the credit files of Ms. Martin and a complete stranger (who had terrible credit) because of Defendant's failure to use full indentifying information.

For at least the previous decade Experian has designated either David Browne or Kathy Centanni exclusively to testify as its corporate representative in FCRA mixed file cases. Both Mr. Browne and Ms. Centanni are FCRA compliance managers for Experian, with their offices located in Experian's Costa Mesa, California headquarters. (Ex. 1, D. Brown Dep. in *Howley v. Experian*, Civ. No. 09-241 (D.N.J.), at 5:16-6:20 and 67:24-69:19; and Ex. 2, K. Centanni Dep. in *Howley v. Experian*, Civ. No. 09-241 (D.N.J.), at 4:18-6:10 and 31:15-19). To this day, Experian's representatives Browne and Centanni agree that it is Experian's responsibility to "avoid" mixed files. (Ex. 1, D. Browne Dep. at 135:21-25; and Ex. 2, K. Centanni, Dep. at 203:9-14).

In fact, Ms. Centanni has been identified by Experian in its Initial Disclosures in this matter as the individual with knowledge of "Experian's credit reporting systems and procedures." (*See* Ex. 3). Experian sometimes also identifies witnesses in Dallas, Texas for FCRA cases alleging improper reinvestigations, as Defendant notes in the present motion. (Def. Mem. at 2-3). Plaintiff is not aware of any witness who is located in Ohio that Experian has designated to testify in this or any other FCRA case; and Experian identifies no such witnesses either in its Initial Disclosures or in its present motion to this Court.

When FCRA cases are brought against Experian in jurisdictions outside of the Central District of California, Experian requests that, for the convenience of its witnesses, depositions be conducted in Irvine, California. Experian's counsel, Jones Day, has routinely made such requests in cases where Ms. Centanni was its

4

corporate designee:

- In a 2009 New Jersey mixed file FCRA case, Experian's counsel wrote: "regarding Ms. Centanni's deposition . . . [f]or the witness's convenience, we would like the deposition to proceed at Jones Day's office in Irvine . . . ." *Howley v. Experian*, Civ. No. 09-241 (D.N.J.) (Ex. 4).

- In another 2009 New Jersey FCRA mixed file case, Jones Day took the following position in the Discovery Plan submitted to the court: "Experian requests that, to the extent they are needed, depositions of corporate representatives be conducted via telephone, as those persons are likely to be designated reside either in Texas or California." *Brown v. Experian*, Civ. No. 09-4291 (D.N.J) (Ex. 5) (at ¶ 10, p. 3).

- In another 2010 FCRA mixed file case, where Experian's present counsel insisted that a deposition take place in Irvine, not Los Angeles, California, he noted: "Your firm hasn't been extending Experian any courtesies by having previous depositions [in FCRA cases] take place in Irvine or Dallas, because they would have had to take place there anyway with respect to the corporate designees at those locations." *Evans v. Experian*, Civ. No. 10-5422 (C.D. Cal) (Ex. 6); (*see also* Ex. 7) (Kathy Centanni identified as Experian corporate designee with Costa Mesa and Irvine addresses).

Experian also routinely requested, again for convenience purposes and because of the burden and expense presented by traveling, that its corporate representative in FCRA cases be excused from court appearances in other jurisdictions. The following are examples of such requests by Experian:

- In a 2009 New Jersey FCRA case, Experian requested that its corporate representative be excused from a settlement conference stating: "Further, Experian's client representative, Abril Turner, is located in Southern California and a trip to Newark [N.J.] would be burdensome in time and expense for her." *Cates v. Experian*, Civ. No. 09-2487 (D.N.J.) (Ex. 8).

- In an 2010 Eastern District of Pennsylvania FCRA case, Experian requested that its corporate representative be excused from attending a scheduling conference stating: " . . . Experian's corporate representative resides in California, where Experian's headquarters are located, and personal attendance at the conference will place a considerable burden

5

on her and considerable expense on Experian." *Blenda v. Experian*, Civ. No. 10-6769 (E. D. Pa.) (Ex. 9).

Further, and of particular note, Experian has filed numerous motions in the past year to have its corporate representatives excused from attending court proceedings *in the Northern District of Ohio,* the very District to which Experian has moved to transfer this matter. In at least four separate motions filed in the Northern District of Ohio within the past 12 months Experian has asserted that:

> Experian's headquarters is located in Costa Mesa, California. The attendance of Experian's corporate representative at the case management conference in Cleveland, Ohio would require significant travel and impose an undue hardship on both Experian and its representative.

(*Sikorsky v. Experian*, Civ. No. 10-2216 (N.D. Ohio) (Ex. 10 at ¶ 1)); (*Davis v. Experian*, Civ. No. 10-1383 (N.D. Ohio) (Ex. 11 at ¶ 1)); (*Sosnowski v. Experian*, Civ. No. 10-141 (N.D. Ohio) (Ex. 12 at ¶ 1)); (*Rischitelli v. Experian*, Civ. No. 10-143 (N.D. Ohio) (Ex. 13 at ¶ 1)).

With respect to liability, therefore, Ms. Martin is the only party or witness in this case with an Ohio residency, and by virtue of her suit Ms. Martin has clearly availed herself to this Court's jurisdiction. Experian's party representatives and witnesses are located Costa Mesa or Irvine, California.

Experian appears to make much in its present motion about the alleged convenience of third party damages witnesses in this matter, but in its Initial Disclosures neither party indentifies any third party witnesses with an Ohio address. (*See* Ex. 14 (Plaintiff's Initial Disclosures); Ex. 3 (Experian's Initial Disclosures)). In its present motion Experian focuses upon three third party "inquiries" that it says are associated with Ohio addresses (Def. Mem. at 3); but at least two of these inquiries relate to national creditors, Chase and Macy's, which are associated with addresses all across the country, including in the Central District of California. (*See*

Ex.15 (Chase); Ex. 16 (Macy's)). The third inquiry that Experian focuses upon is from a reseller of information, Innovis, who would serve no real function as a witness in this case for either party.

Although Experian does not disclose other types of inquiries, Plaintiff notes that Experian's records, provided with its Initial Disclosures, state that Experian *also* provided credit information to the following non-Ohio businesses, which allegedly had a permissible purpose to view Plaintiff's credit information between January 2008 and May 2010 according to Experian, at addresses all over the country, including California. Experian's records to date show the following additional recent "inquiries":

- Village Capital & Invest, Mount Laurel, NJ -- April 30, 2010
- Kohls, Milwaukee, WI -- March 10, 2010
- Citi/AT&T, Jacksonville, FL -- December 2, 2009
- Consumer Info.Com, Inc., Irvine, CA -- May 5, 2009
- Cap One, Salt Lake City, UT -- several dates in 2008-2009
- GMAC, Bloomington, MN -- March 3, 2009
- Western Sierra Acceptance, Walnut Creek, CA-- March 2, 2009
- Bank of America, Wilmington, DE -- November 25, 2009
- Bank of America, Newark, DE -- several dates in 2008-2009
- Discover Financial Svcs, Wilmington, DE -- several dates in 2008
- AMEX, Phoenix, AZ -- several date sin 2008
- Citifinancial, Baltimore, MD -- October 22, 2008
- Unistates Ca LLC, Williamsville, NY -- August 27, 2008

(*See* Ex. 17) (May 26, 2010 Experian personal credit report for Plaintiff at pp. 21and 22).

It is not clear at this stage of the case whether any of these third parties will need to be witnesses in this matter, and rarely are third parties witnesses in FCRA cases. However, the third parties who may have some information about Plaintiff's

7

damages claims in this case are not "all" in the Northern District of Ohio, as Experian states. (*See* Def. Mem. at 1). Moreover, many of these creditors and potential creditors -- like Citibank, Capital One, GMAC, Bank of America, Discover Financial Services and American Express -- can be subpoenaed with the Central District of California. (*See* Ex. 18(a)-(f)).

Finally, Experian's motion touches upon elements that have no place in a motion to transfer. Whether one of Plaintiff's attorneys has a website or will seek to practice *pro hac vice* in this case is of no moment.[2] Most lawyers these days, including Experian's counsel, have websites and sometimes file *pro hac vice* applications with the assistance of local counsel. Experian is simply taking an aggressive defense posture and seeking a tactical advantage here, but has no basis in law or fact to transfer this case, which was properly filed on its own home turf. *See U.S. v. Syufy Enterprises*, 1986 WL 13358, at *2 (N.D. Cal. 1986) (defendant may not move venue away from its own home office).

### III.  ARGUMENT

In the Ninth Circuit, a motion for transfer pursuant to 28 U.S.C. § 1404(a) lies within the discretion of the District Court. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant or deny such a motion turns on the facts of the particular case. *Id.*

The Ninth Circuit has stated that the factors to be weighed by the District Court in deciding a motion for transfer include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums;

---

[2] Plaintiff's counsel in this matter are The Wall Law Office (an Irvine, California-based firm) and Francis & Mailman, P.C. (a Philadelphia, Pennsylvania-based firm). An attorney from Francis &Mailman, P.C. will file a *pro hac vice* application in this matter prior to the initial status conference.

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Id.* at 498-99; *see Harms*, Civ. No. 07-0697JF, 2007 WL 1430085, at *1 (N.D. Cal. May 14, 2007) (listing these 10 *Jones* factors in FCRA case).

A plaintiff's choice of forum is accorded *substantial* weight, absent improper forum shopping, and courts will not grant a motion under § 1404(a) unless the "convenience" and "justice" factors tip *strongly* in favor of transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see generally Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

As discussed below, the factors to be considered in a motion for transfer weigh in favor of Plaintiff in the case at bar, and Experian surely has not shown that the factors tip *strongly* in favor of transfer.

**(1) the location where relevant agreements were negotiated and executed.**

This is not a relevant factor in the case at bar.

**(2) the state that is most familiar with the governing law.**

California federal district courts and the Ninth Circuit are very familiar with the governing law in this case, and have been the locus of some of the seminal FCRA decisions in the nation. *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010); *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010); *Pintos v. Pacific Creditors Association*, 605 F.3d 665 (9th Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009); *Dennis v. BEH-1*, 520 F.3d 1066 (9th Cir. 2008); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002); and *Guimond v. Trans Union,* 45 F.3d 1329 (9th Cir. 1995).[3] Although federal courts in Ohio are surely able, they

---

[3] *See also Valentine v. First Advantage Safe Rent, Inc.*, 2009 WL 4349694 (C.D. Cal. Nov. 23, 2009); *Yourke v. Experian Information Solutions, Inc.*, 2007

9

simply do not have the depth of familiarity with the FCRA that California federal courts do. Nor does Ohio have any major credit reporting agency within its borders which it would be responsible for regulating.

The supplemental state law claims are largely pled in the alternative and predicated upon Defendant's non-compliance with federal FCRA standards, in any event. (*See, e.g.,* Compl. ¶ 33, Defendant's negligence predicated upon statutory violation of FCRA). Although Experian admits that at this stage of the proceedings it is "unclear" which state's law would apply to this case (Def. Mem. at 10), in the event this Court has to make any ruling about the state law claims it is equally capable to making such ruling as any federal judge sitting in the Northern District of Ohio.

Thus factor 2 weighs in favor of Plaintiff.

**(3) the plaintiff's choice of forum.**

Here Plaintiff has chosen a proper forum -- the Defendant's headquarters and the location of its corporate representatives in FCRA mixed file cases, such as the case at bar. Although Plaintiff is not a Californian, this is not a case of an out-of-state plaintiff simply choosing a forum completely unrelated to the parties or her case, or simply for the purposes of selecting what is thought of as the best jury pool for plaintiffs. Plaintiff did not, for example, bring this action in Mississippi. She brought it in Experian's backyard; close to its principals and corporate representative witnesses in FCRA cases.

Multiple federal courts have held that it is appropriate for a consumer in an FCRA case to pursue that litigation in the credit reporting agency's home forum. *See Smith*, 2010 WL 2270541, at *4 ("Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events, and thus the

---

(continued…)

WL 1795705 (N.D. Cal. June 20, 2007); *Akselrod v. Check Systems, Inc.*, 2005 WL 1492390 (C.D. Cal. June 6, 2005).

10

1  appropriate venue, is generally the place where the defendant credit reporting
2  agency conducted its business."); *see generally* fn. 1, listing cases.  Since Plaintiff
3  has chosen a proper forum here, her choice should given weight and should not be
4  lightly disturbed.
5     Factor 3, therefore, weighs in favor of Plaintiff.
6     **(4) the respective parties' contacts with the forum.**
7     Plaintiff is an Ohio resident, but she has availed herself to this Court's
8  jurisdiction.  Making herself available for deposition and other proceedings close to
9  Defendant Experian's corporate headquarters, close to its FCRA decision-makers,
10 and close to its corporate representatives will not inconvenience Experian at all.
11 Moreover, some of the businesses that reviewed her Experian credit report are also
12 located in California.  *See supra* at p. 8.
13    Defendant Experian is headquartered within 20 minutes of this Court and its
14 regular FCRA mixed file witnesses, also identified as witnesses in this case, are
15 also located in the Central District of California.  Although, Experian is
16 incorporated in Ohio, it has no operations there, records or witnesses relevant to this
17 FCRA case.  Experian's counsel does not argue to the contrary.
18    Because Experian's party representatives and witnesses outnumber Plaintiff,
19 factor 4 also weighs in Plaintiff's favor.
20    **(5) the contacts relating to the plaintiff's cause of action in the chosen forum.**
21
22    "Contacts" in FCRA cases are an elusive concept.  Credit information exists
23 in digital form and gets transmitted electronically in an instant throughout the
24 country.  As in most FCRA cases, there are contacts all over the country which
25 caused Plaintiff credit harm, emotional distress and which damaged her credit
26 reputation and good name or which may have led to lost credit opportunities -- all
27 of which can constitute damages under the FCRA.  Thus it is difficult to assess this
28 factor in this case.

There can be no doubt, however, that the principal location of the Defendant, its witnesses and some of its records are in the Central District of California. In *Harms v. Experian Info. Solutions, Inc.*, this very Defendant argued that the Central District is the most convenient venue in an FCRA case because its witnesses and key records were in Orange County, 2007 WL 1430085, at *1. Defendant may not sincerely argue to the contrary here.

Factor 5, therefore, also weighs in favor of Plaintiff.

**(6) the differences in the costs of litigation in the two forums.**

Experian cannot possibly argue that it is seeking to save litigation costs. In cases pending in Ohio, Pennsylvania and New Jersey, Experian has consistently represented to federal judges the exact opposite -- that it would be an additional burden, expense, hardship and inconvenience for its witnesses and representatives to attend court proceedings and depositions in those other jurisdictions precisely because the relevant party representatives and witnesses are located in Orange County, California. (*See supra* at pp. 5-7). Experian cannot now argue that its litigation expenses would be increased when an FCRA plaintiff comes to its home forum. Nor can Experian seriously argue that it is trying in the present motion to truly convenience Plaintiff or to save her an airplane ticket for which she is willing to voluntarily pay.

Factor 6, therefore, weighs in favor of Plaintiff.

**(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses.**

No party has, to date, identified any specific third party witness in its Initial Disclosures that it is planning to use in support of any claim or defense in this matter. Thus, this factor cannot yet be weighed. Experian's contention that third party witnesses who would know about the false information that Experian sold about Plaintiff, as well as Plaintiff's resulting harm, can only be located in the Northern District of Ohio is simply false. As noted above (at pp. 7-8, *supra*, and in

Ex. 15), Experian sold false credit information about Plaintiff to third parties all across the county, including in California. Most of these parties are subject to compulsory process within the Central District of California. (*See* Exs. 15, 16, and 18).

**(8) the ease of access to sources of proof.**

Most of the documents in this case have already been exchanged electronically, which is typical in FCRA cases. With its Initial Disclosures, Experian turned over electronically 541 pages of documents, and with her Initial Disclosures Plaintiff turned over 260 pages of documents. Although some additional documents will likely be exchanged in discovery, productions are electronic and the venue of the case will neither assist nor hinder the exchange of documents.

As noted above, Experian's corporate representatives and witnesses for this case are located in Orange County, California, and can easily attend hearings or a trial in this Court. (*See supra* at pp. 5-7). Any other Experian witness according to the motion to transfer would be in Texas (Def. Mem. at 2-3), which is closer to this District then to the Northern District of Ohio. Plaintiff has obviously availed herself to this Court's jurisdiction. If she does not appear in the Central District of California (which of course she will), Experian will win the case.

Thus within this District both Plaintiff and Experian will have ease of access of sources of proof. That cannot be said of the Northern District of Ohio because Experian has routinely refused to produce representatives and witnesses in the Northern District of Ohio, or any other foreign jurisdiction for that matter, because its regular corporate representatives and witnesses in FCRA mixed file cases are located right here in the Central District of California. (*See supra* at pp. 5-7).

Factor 8, therefore, also weighs in Plaintiff's favor.

**(9) the presence of a forum selection clause.**

This factor is not applicable in the case at bar.

**(10) the relevant public policy of the forum state, if any**.

Both California and Ohio would have an interest in enforcing the consumer protection laws at issue in this case, but since the governing law (the FCRA) is a federal law it cannot be said that either state has a more compelling interest. The Central District of California arguably has a stronger interest in regulating Experian because Experian is a national credit reporting agency headquartered here.

This factor is either a tie, or weighs slightly in favor of Plaintiff's position of litigating this matter in the Central District of California.

In sum, the balance of the relevant factors weighs in favor of Plaintiff and against transfer. It cannot be said that the relevant factors weigh *strongly* in favor of the transfer for which Experian advocates.

Finally, should this Court have any doubt about whether the Central District of California is an appropriate venue, it should permit discovery on the subject. *See Hurst v. Advanco Industries, Inc.*, Civ. No. 73-0862, 1973 WL 448, at *3 (N.D. Cal. Sept. 11, 1973) (deferring venue transfer motion "until pre-trial discovery is completed"). Experian inaccurately argues that in a motion to transfer venue "the non-moving party is not entitled to discovery relating to the propriety of the transfer for purposes of opposing a § 1404(a) motion. *See Saleh v. Titan Corp.*, 351 [sic] F. Supp. 2d 1152, 1169 (S.D. Cal. 2005)." *Saleh*, which is actually published at 361 F. Supp. 2d 1152, simply holds that venue discovery is in the discretion of the District Court. After reviewing cases that both allowed and disallowed venue discovery, the *Saleh* Court concluded that venue discovery was not appropriate in that case, not in all cases. Plaintiff here is confident that discovery will show that the Central District of California will be the location most convenient for this case, and that Defendant will in fact have easy access to its representatives, witnesses, Plaintiff and any necessary third parties.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff Kathryn L. Martin respectfully request that this Court deny Defendant's motion to transfer venue.

Dated: March 14, 2011                    Respectfully submitted,


                                               */s/ William J. Wall*
                                              William J. Wall
                                              THE WALL LAW OFFICE
                                              9900 Research Drive
                                              Irvine, CA  92618
                                              Telephone:   (949) 387-4300
                                              Facsimile:    (800) 722-8196

                                              *Attorney for Plaintiff*
                                              *Kathryn L. Martin*